UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>             v.<br><br>MICHAEL TOBIAS,<br><br>             Defendant. | Criminal Action No. 19-143 (BAH)<br><br>Chief Judge Beryl A. Howell |

**MEMORANDUM AND ORDER**

Pending before the Court is defendant Michael Tobias' emergency motion for compassionate release. Def.'s Emergency Mot. to Reduce Sentence Pursuant to the Compassionate Release Statute 18 U.S.C. § 3582(c)(1)(A)(i) ("Def.'s Mot."), ECF No. 37. Defendant is 39 years old, *see* Gov't Opp'n to Def.'s 2d Mot. for Compassionate Release ("Gov't Opp'n") at 1, ECF No. 42, and has served approximately 15 months of his five-year sentence imposed following his plea of guilty to Unlawful Distribution of 28 Grams or More of Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii), Def.'s Mot., Ex. B at 1–2, ECF No. 37-1. He worries that his medical conditions of "alcoholic hepatitis and pulmonary fibrosis," along with "additional vulnerabilities" put him at particular risk of contracting and facing severe complications from the effects of COVID-19. Def.'s Mot. at 1. The government opposes defendant's early release. Gov't Opp'n at 1. For the reasons set forth below, defendant's motion is denied.

I.     **BACKGROUND**

In June 2018, the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") began an investigation into drug trafficking in Northeast Washington, D.C. Statement of Offense in Support of Guilty Plea ("Statement of Offense") at 2, ECF No. 24. During the course of that

investigation, on six separate occasions over about a four-month period, between July 5, 2018 and October 16, 2018, ATF confidential informants purchased varying amounts of crack cocaine from defendant. *Id*. at 2–3 (noting that the amount sold during any given purchase ranged from one gram to 40.62 grams). These controlled buys were conducted in the basement laundry room of defendant's apartment building. *Id*. at 3. In all, he sold 75.69 grams of crack cocaine to confidential informants for $4,400. *Id*. at 2.

A Grand Jury issued a six-count indictment on April 30, 2019, charging defendant with five counts of unlawful distribution of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and one count of unlawful distribution of 28 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii). Indictment, ECF No. 1. He was arrested on May 20, 2019, Arrest Warrant at 1, ECF No. 4, and a magistrate judge ordered him detained pending trial, expressing that he had "no confidence that Defendant would comply with any conditions of release the Court might impose," Order of Detention Pending Trial at 4, ECF No. 12. Law enforcement searched his apartment on May 21, 2019. Statement of Offense at 3. They found "eight digital scales, approximately $4,000 in U.S. currency" and "numerous forms of packaging material consistent with drug trafficking." *Id*. Officers also located "a key chain of keys," one of which led to a locked electrical closet off the laundry room in the basement of the building. *Id*. at 4. After securing a search warrant for this room, ATF agents entered and found, hidden in the ceiling, a pistol, eleven magazines, over 850 rounds of ammunition, another digital scale, empty Ziploc bags, an ammunition box, and an empty firearm box. *Id*.

On August 15, 2019, defendant pled guilty, pursuant to a plea agreement, to one count of unlawful distribution of 28 grams or more of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii). Plea Agreement at 1, ECF No. 23. That offense carries a mandatory

minimum sentence of 5 years' imprisonment to be followed by "at least 4 years[']" supervised release. 21 U.S.C. § 841(b)(1)(B)(iii). Defendant received this minimum sentence on October 25, 2019. Judgment at 2–3, ECF No. 33.

Defendant is now serving his five-year term of imprisonment at Federal Correctional Institution Petersburg Low ("FCI Petersburg Low"). Def.'s Mot. at 2. On June 5, 2020, just over a year into his term of imprisonment, he sent a letter to the warden of that facility requesting compassionate release, or, barring release, requesting that he be allowed to serve the remainder of his sentence on home confinement. Def.'s Mot., Ex. C at 1–2, ECF No. 37-2. In support, he cited the dangers posed by his "health conditions" in combination with the COVID-19 pandemic. *Id.* at 1. The warden denied that request on July 7, 2020, stating that, although defendant suffers from "medical issues, they are being well managed at this point and are not causing a life-threatening medical problem." Gov't Opp'n, Ex. 1 at 1, ECF No. 42-1.[1] On July 28, 2020, defendant filed his emergency motion for compassionate release and on August 5, 2020, the government submitted its opposition. The motion is now ripe for review.

## II.     LEGAL STANDARD

"Federal courts are forbidden, as a general matter, to 'modify a term of imprisonment once it has been imposed,' 18 U.S.C. § 3582(c); but the rule of finality is subject to a few narrow exceptions." *Freeman v. United* States, 564 U.S. 522, 526 (2011). As originally enacted, one such exception, codified in section 3582(c)(1)(A), empowered the BOP Director to "petition the court for a reduction in . . . sentence" and gave courts the authority to grant those petitions if they found "that the reduction was justified by 'extraordinary and compelling reasons.'" S. Rep. 98-

---

[1] Defendant notes that, as of July 28, 2020, his "counsel [had] not received a response" to his request. Def.'s Mot. at 4. The response from the warden, submitted as an attachment to its memorandum in opposition, was signed on July 7, 2020. Gov't Opp'n, Ex. 1 at 1. The record is unclear why defense counsel was not notified of this denial.

223 at 118; *see also* Pub. L. No. 98-473, Title II, § 212(a)(2).[2] As amended in the First Step Act of 2018, Pub. L. No. 115-391, the exception in section 3582(c)(1)(A) is expanded to authorize a defendant directly to file a motion for such compassionate release with the court after he exhausts his "administrative rights to appeal a failure of the Bureau of Prisons to bring a [compassionate release] motion" on his behalf or he waits at least "30 days" after he delivers his request for compassionate release to "the warden of [his] facility." 18 U.S.C. § 3582(c)(1)(A).

In resolving motions for compassionate release, the court may reduce a term of imprisonment only "after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable," *id.*, and upon making two findings: first, that "extraordinary and compelling reasons warrant such a reduction," *id.* § 3582(c)(1)(A)(i)[3]; and, second, "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," *id.* § 3582(c)(1)(A).[4]

The Sentencing Commission's policy statement at U.S.S.G. § 1B1.13, which was last substantively amended by the Commission on November 1, 2016, applies to motions for reduction of terms of imprisonment under 18 U.S.C. § 3582(c)(1)(A), and provides guidance as

---

[2] As originally enacted, 18 U.S.C. § 3582 read as follows:

> The Court may not modify a term of imprisonment once it has been imposed except that . . . in any case . . . the court, upon motion of the director of the Bureau of Prisons, may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that extraordinary and compelling reasons warrant such a reduction and that such a reduction is consistent with applicable policy statements issued by the [United States] Sentencing Commission.

Pub. L. No. 98-473, Title II, § 212(a)(2).

[3] Though not relevant to the instant motion, the court may also reduce a prisoner's sentence if he is "at least 70 years of age" and has served at least 30 years in prison, when BOP has determined "that the defendant is not a danger to the safety of any other person or the community, as provided under [18 U.S.C. §] 3142(g)." 18 U.S.C. § 3582(c)(1)(A)(ii).

[4] The Sentencing Commission is tasked, in its organic statute, with promulgating general policy statements regarding "the sentence modification provisions set forth in section[] . . . 3582(c) of title 18," 28 U.S.C. § 994(a)(2), and "describ[ing] what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples," *id.* § 994(t).

4

to both of the statutorily required findings. It states that a reduction of a term of imprisonment may be warranted, "after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable," when the court makes three determinations: (1) "extraordinary and compelling reasons warrant the reduction," or the defendant meets certain age and a minimum incarceration period, U.S.S.G. § 1B1.13(1)(A)–(B); (2) the defendant poses no danger to the safety of any other person or the community, *id*. § 1B1.13(2); and (3) "the reduction is consistent with [the] policy statement," *id.* § 1B1.13(3). The commentary to this policy statement then describes four "circumstances" that satisfy "extraordinary and compelling reasons warrant[ing] the reduction": (1) the medical condition of the defendant, who "is suffering from a terminal illness" or has chronic and "substantially diminish[ed] . . . ability . . . to provide self-care" within the prison environment, *id*. § 1B1.13, cmt. n.1(A); (2) the defendant is at least 65 years old, with a serious deterioration in physical or mental health, after serving at least 10 years or 75 percent of the prison term, "whichever is less," *id.* § 1B1.13, cmt. n.1(B); (3) "[f]amily [c]ircumstances" of "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children" or the incapacitation of the defendant's spouse or registered partner "when the defendant would be the only available caregiver for the spouse or registered partner," *id*. § 1B1.13, cmt. n.1(C); and (4) "[o]ther [r]easons" found by the BOP Director to present an extraordinary and compelling reason "other than, or in combination with," the reasons specified in the policy statement, *id*. § 1B1.13, cmt. n.1(D).

### III.  DISCUSSION

The parties agree that defendant has met the requirements of the compassionate release statute's exhaustion requirements. Def.'s Mot. at 6; Gov't Opp'n at 1–2. They agree on little else. The government argues that defendant's case does not present "extraordinary and

compelling reasons" warranting a reduction in his sentence. Gov't Opp'n at 14. Even if it did, the government argues that application of the factors set forth in 18 U.S.C. § 3553(a) does not support a sentence reduction and that the defendant continues to present a danger to the community, as defined in 18 U.S.C. § 3142(g). *Id*. at 17–19. Defendant disagrees with each of these points. The government is correct that defendant has not established an extraordinary and compelling reason for release, and thus has the better of the argument.

### A. Defendant Does Not Present Extraordinary and Compelling Reasons Justifying Early Release

The government argues that defendant "has failed to satisfy his burden of showing extraordinary and compelling reasons that would warrant his immediate release." Gov't Opp'n at 14 (internal quotation marks omitted). Defendant contends that his "medical history, paired with his incarceration, make him exceptionally vulnerable to becoming severely ill or dying from COVID-19." Def.'s Mot. at 6. This alleged heightened vulnerability, defendant says, amounts to an extraordinary and compelling reason justifying his early release.

The compassionate release statute directs courts to look to the Sentencing Commission's policy statement for guidance on what constitutes extraordinary and compelling reasons warranting release. 18 U.S.C. § 3582(c)(1)(A) (explaining that a court "may reduce [a] term of imprisonment . . . [if] such a reduction is consistent with applicable policy statements issued by the Sentencing Commission"). As this Court has noted elsewhere, that policy statement is binding. *United States v. Goldberg,* Crim. Case No. 12-180 (BAH), 2020 WL 1853298, *4 (D.D.C. Apr. 13, 2020) (declining to "adopt the view of some courts that U.S.S.G. § 1B1.13 may be eschewed as outdated" and holding that "the limitations in U.S.S.G. § 1B1.13 apply and are binding"). The policy statement details several circumstances that qualify as extraordinary and compelling reasons, including when "[t]he defendant is . . . suffering from a serious physical or

6

medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, cmt. n.1(A)(ii).  Although the statement's requirement of a chronic ailment that compromises a defendant's ability to provide "self-care" excludes otherwise serious physical conditions from qualifying as an "extraordinary and compelling reason" for compassionate release, the Commission clarified that the specific examples are not exclusive. Indeed, the commentary includes a catch-all provision acknowledging that "[o]ther [r]easons," either standing alone or "in combination with[] the reasons described" in the policy statement, may amount to extraordinary and compelling reasons.  *Id.,* cmt. n.1(D).  This Court has recognized elsewhere that the current global pandemic may, in some circumstances, "present[] such an 'other reason.'"  *United States v. Morris*, Crim. Case No. 12-154 (BAH), 2020 WL 2735651, *7 (D.D.C. May 24, 2020).

Defendant attempts to fit his circumstances into this framework by pointing to two medical conditions with which he is afflicted.  First, he explains that he suffers from "alcoholic hepatitis" which is "a disease that causes inflammation of the liver."  Def.'s Mot. at 11. Defendant does not explain how this condition "substantially diminishes [his] ability . . . to provide self-care."  U.S.S.G. § 1B1.13, cmt. n.1(A)(ii).  He also explains that he "has pulmonary fibrosis," which is "a lung disease caused by damaged and scarred lung tissue."  Def.'s Mot. at 14.  Although defendant alleges that the condition causes him to experience "shortness of breath," *id*. at 15, the government points out that this symptom is nowhere reflected in the records of medical screenings defendant has undergone while in BOP custody.  Gov't Opp'n at 16–17.  In any event, defendant does not describe how any shortness of breath interferes with his ability to provide self-care, let alone "substantially" so.

In recognition of the fact that his circumstances thus do not fit neatly into the specific examples of "extraordinary and compelling reasons" laid out in the Commission's policy statement, defendant relies on the catch-all provision. Defendant argues that his "diminished liver capacity" and "diminished lung functioning" place him in "real danger" from COVID-19. Def.'s Mot. at 14–17. Defendant is correct that liver disease and pulmonary fibrosis are among the ailments the Centers for Disease Control and Prevention ("CDC") believes "may increase [the] risk of severe illness from COVID-19." *People with Certain Medical Conditions*, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Aug. 12, 2020). Defendant's medical records, however, reflect that his conditions are currently well-managed and those records do not evince any complaints arising from either condition since he began serving his term of imprisonment. Moreover, although "[i]t can be hardly disputed that the novel strain of the coronavirus that causes COVID-19 is much more easily transmitted in the prison environment," *United States v. Johnson*, Crim. Case No. 15-125 (KBJ), 2020 WL 3041923, *9 (D.D.C. May 16, 2020), BOP records indicate that defendant's prison facility has reported only three COVID-19 infections, all suffered by staff members, two of whom have since recovered. *COVID-19 Coronavirus*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (last visited Aug. 12, 2020). Even if defendant's medical condition puts him at heightened risk of suffering the worst effects of COVID-19, that risk still appears less than imminent given the lack of evidence that the disease has affected the prison population at his facility.

Finally, defendant points to demographic factors that he says tip the scales in favor of his release. Defendant is a 39-year-old black male, and he asserts that COVID-19 "disproportionately affects males and Black Americans." Def.'s Mot. at 17. The Court does not

8

discount the tragic reality that certain segments of the population, and particularly Black Americans, have borne a greater share of the pandemic's deadly effect. *See, e.g., Health Equity Considerations and Racial and Ethnic Minority Groups*, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/community/health-equity/race-ethnicity.html (last visited Aug. 12, 2020). Nevertheless, "the Court must concern itself primarily with the particular characteristics of an individual defendant when determining what constitutes an extraordinary and compelling reason" for release. *United States v. Brown*, Crim. Case No. 13-30, 2020 WL 4346911, *3 (D.D.C. July 29, 2020) (internal quotation marks omitted). Defendant's particular circumstances do not provide such a reason.[5]

## IV.    ORDER

Defendant has not demonstrated that extraordinary and compelling reasons exist for the requested reduction. 18 U.S.C. § 3582(c)(1)(A). Accordingly, it is hereby

**ORDERED** that defendant's Emergency Motion to Reduce Sentence Pursuant to the Compassionate Release Statute 18 U.S.C. § 3582(c)(1)(A)(i) is **DENIED.**

**SO ORDERED.**

Date: August 12, 2020

_____
BERYL A. HOWELL
Chief Judge

---

[5] Although the government also contends that the factors laid out in 18 U.S.C. § 3553(a) counsel against early release and that defendant still presents a danger to the community as defined in 18 U.S.C. § 3142(g), Gov't Opp'n at 17–19, neither argument need be addressed in light of the conclusion that defendant has failed to present "extraordinary and compelling reasons warrant[ing] . . . a reduction" in his sentence. 18 U.S.C. § 3582(c)(1)(A)(i).